**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**ANTHONY D. TOOMBS**                                                                                    **PLAINTIFF**
**ADC #101840**

**v.**                                              **Case No. 2:18-cv-00132-KGB-PSH**

**EAST ARKANSAS REGIONAL UNIT,**                                                   **DEFENDANT**
**Prison Unit, Arkansas Department of Correction**, *et al.*

## ORDER

      The Court has received the Proposed Findings and Recommendation submitted by United

States Magistrate Judge Patricia S. Harris (Dkt. No. 10).  Plaintiff Anthony D. Toombs filed an

objection to the Proposed Findings and Recommendation (Dkt. No. 11).  After a review of the

Proposed Findings and Recommendation and Mr. Toombs' objection, as well as a *de novo* review

of the record, the Court adopts the Proposed Findings and Recommendation in its entirety (Dkt.

No. 10).  The Court dismisses without prejudice Mr. Toombs's claims.  The Court also denies as

moot for the reasons explained in this Order Mr. Toombs's motion for service (Dkt. No. 12) and

grants his petition for inquiry into the status of complaint, providing a status report in this Order

and directing that, along with a copy of this Order, the Clerk of Court send to Mr. Toombs a copy

of this docket sheet (Dkt. No. 14).

      The Court writes separately to address Mr. Toombs' objection. Mr. Toombs claims that

Judge Harris "erred in the assertion that [42 U.S.C. §] 1983 civil actions [are] a type of tort claim

where plaintiff must suffer some actual injury before he can receive compensation" (Dkt. No. 11,

at 1).  Mr. Toombs further states that § 1983 claims "for constitutional violations are brought to

redress the actual violation of the right" (*Id.*, at 2).  Finally, Mr. Toombs asserts that the defendants'

conduct "did rise to the level of a constitutional violation by depriving the plaintiff of the minimal

civilized measure of life's necessities, by leaving plaintiff in contaminated water for long periods of time" (*Id.*).

Mr. Toombs' underlying allegations are that his cell floods when there are heavy rains; that the resulting water in his cell is unsafe, hazardous, and contains excrement; and that he suffers mental and emotional pain as a result (Dkt. No. 7, at 5-6).  Judge Harris examined these allegations as a possible conditions of confinement claim in violation of the Eighth Amendment, and Judge Harris correctly determined that a plaintiff must prove the existence of objectively harsh conditions of confinement together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions (Dkt. No. 10, at 2-3).  The Court is aware that, generally, courts should be "especially cautious about condoning conditions that include an inmate's proximity to human waste."  *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990).  After reviewing *de novo* the allegations in this case, the Court agrees that Mr. Toombs has not demonstrated that the flooding in his cell, though certainly uncomfortable, denies him "the minimal civilized measure of life's necessities" as required in the Eighth Circuit to allege a violation of the Eighth Amendment. *Chandler v. Moore*, 2 F.3d 847, 848 (8th Cir. 1993) (citing *Hudson v. McMillan*, 503 U.S. 1, 25 (1992)); *see also Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996) (examining similar issues in the context of Eighth Amendment and Due Process jurisprudence).  Additionally, Judge Harris correctly identified that Mr. Toombs alleges no concrete injury as a result of these incidents other than emotional and mental pain (Dkt. No. 10, at 3).  Judge Harris accurately noted that a § 1983 action is a type of tort claim, which requires a plaintiff to suffer some actual injury before he can receive compensation, and which Mr. Toombs fails to demonstrate through his allegations (*Id.*, at 3). *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S.

247, 253-55 (1978)).  For these reasons, and all the reasons articulated by Judge Harris, the Court adopts the Proposed Findings and Recommendation in its entirety (Dkt. No. 10).

It is therefore ordered that:

1.      The Proposed Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris is adopted in its entirety (Dkt. No. 10).

2.      Mr. Toombs's claims are dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. No. 7).

3.      The Court also denies as moot for the reasons explained in this Order Mr. Toombs's motion for service (Dkt. No. 12).

4.      The Court grants Mr. Toombs's petition for inquiry into the status of complaint, provides a status report in this Order, and directs that, along with a copy of this Order, the Clerk of Court send to Mr. Toombs a copy of this docket sheet (Dkt. No. 14).

5.      Dismissal of this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).

6.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

It is so ordered this 19th day of January, 2021.

Kristine G. Baker
United States District Judge